# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1507016513 |
| | ) | |
| MATTHEW D. HAGINS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 11, 2017
Decided: October 31, 2017

**Upon Defendant's Motion for Postconviction Relief: DENIED**

This 31st day of October, 2017, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. Matthew Hagins was indicted on September 14, 2015 for two counts of Sex Offender Unlawful Sexual Contact with a Child[1] and four counts of Rape Second Degree. The charges stemmed from an interaction between Hagins, then 27 years old, and two girls, ages 13 and 14, who engaged in sexual intercourse with Hagins. After the girls reported the encounter to police, Hagins waived his Miranda rights and admitted under police questioning to having oral and vaginal sex with the two girls. Hagins claimed then, as he has throughout these

---

[1] As a juvenile, Hagins was convicted of a sex crime.

proceedings, that the sex was consensual and that he believed both girls were over the age of 18.[2]

2.      Patrick J. Collins, Esquire ("Trial Counsel") represented Hagins throughout the case. Hagins faced an 85-year minimum mandatory sentence if convicted at trial of all charges.[3] Approximately six months after he was indicted, Hagins pleaded guilty to two counts of Rape Second Degree.[4] The charges to which Hagins pleaded guilty carried a statutory penalty of 20 years minimum mandatory. The State agreed it would cap its Level V recommendation at the minimum mandatory sentence and would not file a habitual offender petition or a petition to enhance the sentencing range due to one victim's age at the time of the offense.[5]

3.      In connection with his plea, Hagins signed a Truth-in-Sentencing Guilty Plea form in which he (i) denied he was forced to enter into the plea, and (ii) acknowledged he was waiving certain constitutional rights, including the right to proceed to trial and force the State to prove the charges against him. Hagins also acknowledged on the form that he was satisfied with Trial Counsel's representation and that he had been advised fully of his rights.

_____

[2] D.I. 25, Ex. A.
[3] *See* D.I. 25 at 1. Hagins was eligible to be declared and sentenced as a habitual offender under 11 *Del. C.* § 4214(a). If declared a habitual offender, Hagins would have faced a 150-year minimum mandatory sentence.
[4] D.I. 8.
[5] *See* 11 *Del. C.* § 4205A.

2

4. Before accepting the plea, the presiding judge engaged in a colloquy with Hagins regarding his decision to plead guilty and the rights he was waiving by so doing. During that hearing, Hagins acknowledged signing the Truth-in-Sentencing form and confirmed he discussed the form with Trial Counsel.[6] The presiding judge reviewed with Hagins the two charges to which he was pleading guilty, and Hagins admitted committing each of those crimes.[7] The judge also reviewed with Hagins the constitutional rights he was waiving by pleading guilty, and the potential sentence he was facing as a result of the guilty plea.[8] Hagins stated that he understood the plea proceedings, that Trial Counsel had answered all his questions, and that he was not being threatened or promised anything in exchange for his plea.[9] The judge thereafter accepted Hagins' plea, holding it was knowing, intelligent, and voluntary.[10]

5. While Hagins' presentence investigation was being conducted, he filed a motion to dismiss Trial Counsel and to appoint new counsel, along with a motion to compel the Court to rule on the motion to dismiss Trial Counsel.[11] The focus of Hagins' presentence motions was his contention that Trial Counsel had taken minimal interest in the case and had allowed Hagins to enter the guilty plea

---

[6] *State v. Hagins*, ID No. 1507016513, at 7-8 (Del. Super. Feb. 8, 2016) (TRANSCRIPT).
[7] *Id.* at 10-11.
[8] *Id.* at 9-10.
[9] *Id.* at 8-10.
[10] *Id.* at 11.
[11] D.I. 12, 14.

3

without allowing him to review his "Rule 16 Discovery in its entirety."[12]  Hagins' motions suggested a desire to withdraw his plea because it was not knowingly, intelligently, and voluntarily entered.   The Court forwarded copies of Hagins' motions to Trial Counsel and advised Hagins that, because he was represented by counsel, he could not file motions directly with the Court and the Court would take no further action on the pending motions.[13]

6.      On the date of sentencing, however, the Court addressed Mr. Hagins directly regarding his motions:

> THE COURT: Mr. Hagins, you've sent the Court a number of pro se motions, which I forwarded to your counsel, I believe, under cover of letter to you in which I indicated that the Court would take no action on your motions because they are pro se and you are represented by counsel.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you still interested in filing a motion to withdraw your guilty plea?
>
> THE DEFENDANT: No.
>
> THE COURT: So you wish to proceed with sentencing today?
>
> THE DEFENDANT: Yes.[14]

7.      For each rape charge to which he pleaded guilty, Hagins was sentenced to 25 years at Level V, suspended after ten years for decreasing levels of

---

[12] D.I. 12.
[13] D.I. 15.
[14] *State v. Hagins*, ID No. 1507016513, at 3-4 (Del. Super. Jun. 10, 2016) (TRANSCRIPT).

supervision.[15] The Court ordered Hagins to have substance abuse and mental health evaluations and to complete various counseling programs during his sentence.

8. Hagins filed this Motion for Postconviction Relief on September 6, 2016.[16] He filed a second motion for postconviction relief on May 16, 2017, which I have treated as a supplement to his original motion (the "Supplemental Motion").[17] In the two filings, Hagins alleges he was entitled to relief because Trial Counsel was ineffective for failing to communicate with Hagins, failing to prepare or investigate the case, and failing to object to use of a 17 year old conviction for sentence enhancement. Hagins also alleges the Court abused its discretion by accepting his plea and sentencing him knowing he had not reviewed his "full Rule 16 Discovery." Finally, Hagins contends new evidence supports his contention that his conduct did not rise to the level necessary to support a conviction for Rape Second Degree. At the Court's request, Trial Counsel

---

[15] D.I. 17. The sentence was effective July 21, 2015.
[16] D.I. 19. Hagins also filed several requests for appointment of counsel to represent him in connection with the Motion, along with a request for an evidentiary hearing. The Court denied those requests. *See* D.I. 24, 31, 33.
[17] D.I. 29.

5

supplemented the record and responded to the Motion by affidavit.[18] After an extension of his deadline, Hagins filed a reply in further support of his Motion.[19]

## ANALYSIS

### A. Procedural bars to Hagins' claims

9. Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[20] A motion for postconviction relief may be barred for timeliness and repetition, among other things. A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[21] A defendant also is barred from filing successive motions for postconviction relief.[22] The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from

---

[18] D.I. 25. Trial Counsel's affidavit was filed before Hagins' Supplemental Motion was filed. After reviewing the Supplemental Motion, the Court concluded a supplemental affidavit from Trial Counsel was not necessary.

[19] D.I. 34.

[20] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[21] Super. Ct. Crim. R. 61(i)(1).

[22] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).

violation of the movant's rights."[23] Finally, the rule bars consideration of any ground for relief that previously was adjudicated in the case.[24]

10. Hagins' Motion, his first under Rule 61, was filed less than a year after his sentence became final and it therefore is timely and not repetitive. The Motion alleges ineffective assistance of counsel, which could not be raised at any earlier stage in the proceedings.[25] Hagins' allegations were not previously adjudicated and the Court therefore may consider the merits of Hagins' claims.

**B. Hagins has not shown Trial Counsel was ineffective.**

11. Hagins contends Trial Counsel was ineffective because he (i) failed to communicate with Hagins, including providing his complete "Discovery Packet," (ii) did not sufficiently prepare for trial or investigate the case, including interviewing witnesses, filing a motion to suppress Hagins' statement to police, and investigating facts that would have resulted in a lesser plea of Rape Fourth Degree; and (iii) did not object to the Court's use of a 17 year old juvenile conviction to enhance Hagins' sentence.

12. To prevail on a postconviction claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must establish that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) but for

---

[23] *Id.* 61(i)(3).
[24] *Id.* 61(i)(4).
[25] *Whittle v. State*, 138 A.3d 1149 (Del. 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

counsel's unprofessional errors, there is a reasonable possibility the defendant would not have pleaded guilty and instead would have insisted on going to trial.[26] There is a strong presumption that counsel's representation was reasonable.[27] Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[28]

13. As to Trial Counsel's alleged failure to communicate, Hagins contends Trial Counsel repeatedly refused to communicate with Hagins and refused to provide him with copies of certain "mandatory" discovery, including police reports, witness statements, and forensic reports. Hagins argues his inability to review these materials left him without full knowledge of the case, and therefore his plea was not knowing and intelligent. Trial Counsel responds by affidavit that he communicated with Hagins both in person and by letter, explaining to him the content of the discovery and the high likelihood that he would be convicted based on his statement to police and the fact that, regardless of the victims' purported willingness to engage in sexual contact with Hagins, they were not of an age legally to consent to such contact.[29] Trial Counsel's affidavit also explains that the materials not provided to Hagins, such as witness statements, police reports, and sexual forensic reports, were provided by the State as a courtesy to Trial Counsel.

---

[26] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[27] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[28] *Id.*; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).
[29] D.I. 25 at 3-4.

8

Trial Counsel indicated he described these items to his client, but did not provide copies in light of the State's courtesy in providing them and the possible risk to Hagins' safety should other inmates learn of the charges against him.[30]

14. Hagins has not shown that Trial Counsel's communications fell below an objective standard of reasonableness. Whether provided to Trial Counsel as a courtesy or under the requirements of Rule 16, Hagins was not entitled to photocopies of the evidence in Trial Counsel's possession.[31] Trial Counsel's affidavit describes several conversations he had with Hagins leading up to the day of the plea, and Hagins represented to the Court during the plea colloquy that he understood what was going on and Trial Counsel had answered all his questions regarding the case. A defendant is bound by the statements he gives during the plea colloquy absent clear and convincing evidence that he did not understand the plea agreement, was forced to accept the plea, or was not satisfied with counsel's

---

[30] *Id.* at 5.

[31] *See* Super. Ct. Crim. R. 16. Although some of the material may have been subject to disclosure under Rule 16, the State's disclosure of such material to Hagins' counsel, and Trial Counsel's description of the evidence to Hagins, was sufficient to inform Hagins of the State's evidence. Trial Counsel articulated valid reasons not to provide Hagins with photocopies of certain materials. *See State v. Duonnolo*, 2001 WL 2822843, at *2 (Del. Super. Jan. 29, 2001) ("Defendant appears to misunderstand that the disclosure rule contemplates that such disclosures be made to defense counsel and the information therein then be discussed and shared with the defendant. The rule does not contemplate that Defendant have each disclosure in his, and not his attorney's, possession.")

representation.[32]   Hagins has not provided clear evidence challenging the Trial Court's finding that his plea was knowing, intelligent, and voluntary.

15.   As to Trial Counsel's alleged failure to prepare, Hagins alleges Trial Counsel failed to interview witnesses and refused to file a motion to suppress Hagins' statement to police.  Hagins contends that, had Trial Counsel investigated, he would have discovered facts indicating that Hagins' conduct did not rise to the level of Rape Second Degree, but only to Rape Fourth Degree.  Specifically, Hagins alleges the victims "paraded [sic] they both were 18 years of age and the sexual contact was not forced.  Therefore the crime was akin to the offense of 4th Degree [Rape]."[33]   In his affidavit, Trial Counsel acknowledges that family members interviewed by counsel's mitigation specialist confirmed they were present in the house while the offense occurred and heard no screams or sounds of distress, but Trial Counsel asserts those statements would not have altered the fact that the girls were below the age of legal consent and Hagins confessed to having sex with them.  As to moving to suppress Hagins' statement, Trial Counsel retained a forensic psychologist to evaluate Hagins' capacity to waive his Miranda rights and stand trial.  The psychologist confirmed Hagins' capacity to knowingly

---

[32] *Somerville v. State*, 703 A.2d 629, 632 (Del. 2008).
[33] D.I. 34 at 2.

10

and voluntarily waive his Miranda rights, eliminating any basis to suppress his statement to police.[34]

16.    Hagins has not met either prong of the *Strickland* standard with respect to this argument.    First, the record establishes that Trial Counsel's investigation of the case included retaining a psychologist to evaluate Hagins' capacity to support a motion to suppress Hagins' statement.    Trial Counsel also retained a mitigation specialist, who interviewed witnesses regarding their observations of Hagins and the victims on the night in question.    Both actions were well within the range of reasonableness given the facts of this case, particularly the age of the victims and their legal incapacity to consent to any sexual contact. Second, Hagins has not demonstrated any prejudice; he has not identified any basis on which Trial Counsel could have moved to suppress the statement *other than* capacity, and he has not sufficiently explained why his admitted conduct did not support a plea of Rape Second Degree.    Under Delaware law, a person is guilty of rape in the second degree when the person: "(1) intentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent."[35]    Here, given the disparity between the victims' age and Hagins' age, any perceived consent was irrelevant because "a child who has not yet reached that child's sixteenth birthday is deemed unable to consent to a sexual act with a person

_____

[34] D.I. 25 at 2 and Ex. B, C.
[35] 11 *Del. C.* § 772(a)(1).

11

more than 4 years older than said child."[36]  Accordingly, Hagins has not shown that, had Trial Counsel pursued a different strategy, Hagins' motion would have been suppressed or he would not have accepted the State's plea offer.

17.    Finally, as to Trial Counsel's alleged ineffective assistance at sentencing, Hagins argues "the Court clearly stated she used an offense from movant's juvenile record to enhance the penalties and counsel did not object."[37] Hagins argues SENTAC guidelines "establish a ten-year gap between offenses" for purposes of sentence enhancement, and that the crime used to enhance his sentence was a juvenile offense committed more than 17 years before sentencing.[38]

18.    Hagins' reference to the Court's use of his juvenile record for sentence enhancement is not supported by the record.  The Court did not refer to or rely on Hagins' juvenile conviction as the basis for the sentence imposed, and the Court sentenced Hagins to the minimum sentence mandated by the crimes to which he pleaded guilty.  Although Hagins was indicted on two charges of Sex Offender Unlawful Sexual Contact with a Child, which were based on his juvenile conviction, those charges were dismissed after he entered the plea and were not considered in connection with his sentence.  Accordingly, Trial Counsel was not ineffective in "failing" to object to something that never occurred.

---

[36] 11 *Del. C.* § 761(k).

[37] D.I. 34 at 3.

[38] *Id.* at 3.  Trial Counsel did not have an opportunity to respond to this allegation because it only was raised in Hagins' Supplemental Motion.  As no sentencing enhancement occurred in this case, the Court did not ask Trial Counsel to supplement his affidavit.

## C. Hagins has not shown any judicial abuse of discretion.

19. Hagins argues that the Court abused its discretion by accepting his plea knowing he had not been given his Rule 16 discovery and therefore could not knowingly enter his plea.[39] Assuming for the sake of argument that the judge who accepted Hagins' plea was aware he had not reviewed the police reports, witness statements, or forensic report, the Court did not abuse its discretion in accepting Hagins' plea based on his written and verbal representations that he was not being forced to take the plea, was satisfied with his counsel's representations, did not have any further questions for his counsel, and was in fact guilty of the conduct for which he was charged. Moreover, as explained above, Hagins was not entitled to photocopies of the evidence the State provided to Trial Counsel.

## D. Hagins has not shown any "new" evidence supports postconviction relief.

20. Finally, Hagins argues he "has discovered new evidence that the teenage victims though under 18 continue[] to parade about under the guise of being 18."[40] Hagins contends the victims "continue to beguile unsuspecting persons that they are 18 . . . and . . . this fact needs to be investigated by professionals in order to protect [Hagins]."[41] Based on this "new evidence," Hagins asserts the victims "should not be allowed to cause him to spend 20 years

---

[39] Hagins incorrectly asserts that the judge who sentenced him was the same judge who accepted his plea.

[40] D.I. 34 at 4.

[41] *Id.*

13

in prison when they knowingly, willfully, and intentionally participated in consensual sex acts with an older person."[42]

21.     As set forth above, the charges to which Hagins pleaded guilty do not require any evidence of the victims' lack of consent other than their age. That is, because they were under 16 and Hagins was more than four years older, the sexual acts to which Hagins admitted constituted Rape Second Degree, regardless of how the victims portrayed themselves or their perceived willingness to participate in the sexual acts. Accordingly, the "new evidence" Hagins claims to have does not entitle him to relief.

For all the foregoing reasons, Matthew D. Hagins' Motion for Postconviction Relief is **DENIED. IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Diana Dunn, Deputy Attorney General
        Matthew D. Hagins, *pro se* (SBI No. 403578)

---

[42] *Id.*